UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHRISTOPHER ROLLER,                                CIVIL NO. 05-1420 RHK/AJB

         PLAINTIFF,

V.                                                  REPORT AND RECOMMENDATION ON
                                                      DEFENDANT'S MOTION TO DISMISS

SIOUX VALLEY HOSPITAL,

         DEFENDANT.

I.      INTRODUCTION

Christopher Roller (Roller) has filed a complaint against Sioux Valley Hospital (Sioux Valley) alleging, *inter alia*, medical malpractice, slander and libel, and obstruction of a criminal investigation based on a misdiagnosis of his being mentally ill. Roller claims that this alleged misdiagnosis has lead to discrimination in his employment, damaged his reputation, caused his divorce, and hindered his ability to become president of the United States. Roller also states that he is suing Sioux Valley for "conspiracy against a godly entity."

Sioux Valley has filed a Motion to Dismiss. In its memorandum to the court, Sioux Valley argues that Roller's Complaint should be dismissed under Fed. R. Civ. P. 8; Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6); and under the statute of limitations imposed by Minn. Stat. § 541.076. Sioux Valley argues that, in the alternative, the court should dismiss the action based on the doctrine of *forum non conveniens*.

II.   DISCUSSION

    a.   Claim of Conspiracy Against a Godly Entity

A party may move the court to dismiss a claim or action if the pleadings fail to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In resolving a defendant's motion to dismiss, this court must accept all factual allegations in the complaint as true and grant every reasonable inference in favor of the nonmovant.  *Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1060 (D. Minn. 2006).  "A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant a grant of relief."  *Id.*  Roller claims that Sioux Valley conspired against him by admitting him to the hospital against his will and that he is s godly entity.  He claims that this cause of action is before the court as a federal questions.  Roller, however, fails to cite any authority in support of this claim and the court is unaware of any authority that supports such a claim.  Roller's claim of conspiracy against a godly entity, therefore, should be dismissed for failure to state a claim for which this court can grant relief.  *See* Fed. R. Civ. P. 12(b)(6).

    b.   Various claims

Roller also lists various other causes of action:  (1) slander and libel for Sioux Valley's failure to give him credit for what he says; (2) treating him like an animal instead of a human being; and (3) obstruction of a criminal investigation in an attempted murder for a future president of the Untied States.  Roller fails to cite and the court has failed to find, authority for these causes of action.  Accordingly, to the extent that these statements were meant to be pleadings of specific causes of actions, the court recommends that these causes of actions be dismissed.

Roller also refers to violations of his First Amendment right of religious freedom, violation of 42 U.S.C. § 1985, and violation of 18 U.S.C. § 241.  (Complt. at 6.)  Even construing Roller's complaint in a liberal manner, the court finds that Roller has failed to sufficiently plead these causes of actions and recommends that these actions also be dismissed.  *See Hanten v. School Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999) ("At a minimum . . . a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.").

      c.        Claim of Medical Malpractice

The remaining claim in essentially a claim of medical malpractice.  Roller claims that he was misdiagnosed as mentally ill, this diagnosis has left him with a stigma of being mentally ill, that this misdiagnosis resulted in his loss of job and other harm in his life.  Sioux Valley argues that Roller's claim should be dismissed because the court lacks subject matter jurisdiction over claims that are "frivolous, malicious and [of] ridiculous subject matter."  (Def. Mem. at 5.)

Fed. R. Civ. P. 12(b)(1) may be used to dismiss claims that are made by the plaintiff solely for the purpose of creating subject matter jurisdiction in federal court.  *Sassower v. Dosal*, 744 F. Supp. 908, 909 (D. Minn. 1990) ( "A suit may sometimes be dismissed for want of jurisdiction where the alleged claim under . . . federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous.").  Here, the court has already recommended that Roller's federal question claim be dismissed under Rule 12(6)(b).

The court need not determine, however, whether Roller's remaining malpractice claim is frivolous or malicious.  "Federal courts are courts of limited jurisdiction."  *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511

U.S. 375, 377 (1994)).  A federal court has subject matter jurisdiction to hear a case where the case involves either a federal question or where the case involves a state law question, there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 (federal questions) and 1332 (diversity of citizenship).

Roller has failed to plead an amount in controversy with respect to his state law claim of malpractice.  Roller's claim for $5 trillion dollars is attached to his federal claims for which this court has recommended dismissal.  Absent a pleading of an amount in controversy that exceeds $75,000 for his medical malpractice claim, this court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1332.  Accordingly, the court finds that, based on Roller's pleadings to the court, this court lacks subject matter jurisdiction over this controversy and recommends that Sioux Valley's motion to dismiss based on Rule 12(b)(1) be granted.

4.   RECOMMENDATION

Based on the foregoing discussion, the court recommends that Sioux Valley's Motion to Dismiss [Docket No. 8] be **granted**.

Dated: March 9, 2006

        _s/ Arthur J. Boylan_____
        Arthur J. Boylan
        United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **March 24, 2006.**